**In re Robert Eugene CARPENTER, Cheryl Mize Carpenter.**

**Bankruptcy No. 583–00933–S.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

Oct. 25, 1983.

Donald Baker, Shreveport, La., for Lowrey Chevrolet, Inc.

B.J. Woods, Shreveport, La., for debtors.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

(1) May a debtor attack, in Bankruptcy Court, a deficiency judgment rendered in State Court prior to the petition of bankruptcy, and from which no appeal was taken, upon the grounds that the secured chattel sold in executory process was not appraised at an appropriate value.

(2) Is a judicial sale by executory process of the chattel securing the debts, along with the subsequent award in State Court of a deficiency judgment plus 25% attorney fees and costs within 90 days of bankruptcy a voidable preference under 11 U.S.C. 547?

The debtors bought a truck and a trailer from Lowrey Chevrolet, on November 10, 1982, for $13,614.72 and $10,253.88 respectively for a total of $23,868.62. Lowrey Chevrolet, Inc., was the holder of two notes, one note which was secured by a chattel mortgage on the truck and the other note, which was secured by a chattel mortgage on the trailer.

After the debtor defaulted on the notes Lowrey Chevrolet made use of executory process, in Louisiana State Court. After appraisal on May 18, 1983, the mortgaged chattels were adjudicated to Lowrey Chevrolet, for a total sum of Five Thousand Seven Hundred Thirty-Five and NO/100 ($5,735.00) Dollars, by the Sheriff at public auction. The total costs then due the Clerk of Court and to the Sheriff for seizing the motor vehicles, advertising their sale at public auction and for his commission, amounted to Seven Hundred Thirteen and 25/100 Dollars.

Lowrey Chevrolet itemizes the amount that was due as a deficiency as follows:

| | | | |
|---|---|---|---|
| Original principal note #1 | | $13,614.72 | |
| Less: | | | |
| Payments made | $ 324.16 | | |
| Credit for unearned finance charges | $3,299.17 | 3,623.33 | $ 9,991.39 |
| Original principal note #2 | | $10,253.88 | |
| Less: | | | |
| Payments made | $ 244.14 | | |
| Credit for unearned finance charges | $2,479.71 | 2,723.85 | $ 7,530.03 |
| Total | | | $ 17,521.42 |
| Credit for proceeds of judicial sale | | | 5,021.76 |
| BALANCE DUE | | | $ 12,499.66 |

Then Lowrey Chevrolet brought suit in Louisiana State Court for the deficiency, together with an additional twenty-five (25%) percent thereof as an attorney fee, and for all costs. Mr. Carpenter was personally served on June 6, 1983.

No defense was made to the suit for a deficiency, and on June 24, 1983, a preliminary default was entered and thereafter, on July 6, 1983, judgment was confirmed in favor of Lowrey Chevrolet, Inc. and against Robert E. Carpenter, for the sum of Twelve

Thousand Four Hundred Ninety-Nine and 66/100 ($12,499.66) Dollars, together with an additional twenty-five (25%) percent thereof as an attorney fee, and for costs. No appeal was taken from their judgment, and the time for taking such an appeal has now run out.

Then on July 11, 1983, the debtors filed a petition of bankruptcy, under Chapter 13, of the Bankruptcy Code.

## CONCLUSIONS OF LAW

The debtors argue that the chattels securing the indebtedness were appraised below the actual value before sale by executory process, therefore by Louisiana law it was not proper for the State Court to render a deficiency judgment against the debtor together with an additional twenty-five (25%) percent thereof as an attorney fee, and for all costs.

■ The chattel may have been appraised below its actual value, but the debtor had opportunity before the sale to object to such appraisal, and did not object. The debtor had opportunity to object to the deficiency judgment in State Court based on the grounds that the appraisal of the chattel was too low, but again the debtor did not object. The debtor could have appealed the deficiency judgment in State Court on the grounds that the appraisal of the chattel was too low, but the debtor did not appeal. The debtor has not claimed that the State Court lacked jurisdiction over the debtor, or that the debtor was not afforded due process of law; i.e. adequate notice and opportunity to be heard in the State Court proceedings. Absent a showing that the State Court lacked jurisdiction over the debtor or that the debtor was not afforded due process of law a debtor may not attack, in Bankruptcy Court, a deficiency judgment rendered in State Court prior to the petition of bankruptcy, and from which no appeal was taken, upon the grounds that the secured chattel sold in executory process was not appraised at an appropriate value.

The debtors also argue that the judicial sale of the chattel securing the debts, along with the subsequent award in State Court of a deficiency judgment plus 25% attorney fees and costs within 90 days of bankruptcy is a voidable preference under 11 U.S.C. 547. The Court disagrees because all of the elements of a voidable preference were not present.

The elements of a voidable preference under 11 U.S.C. 547 are as follows:

(1) Transfer of debtor's property;

(2) To or for the benefit of a creditor;

(3) For or on account of antecedent debt;

(4) Made while debtor was insolvent;

(5) Made within 90 days before case;

(6) That enables such creditor to receive more than such creditor would receive if (a) the case were a case under Chapter 7 of this Title; (b) the transfer had not been made; and (c) such creditor received payment of such debt to the extent provided by the provision of this Title.

Two events occurred prior to the filing of bankruptcy. The first event was the judicial sale of the debtor's mortgaged chattel through executory process, and the second event was the deficiency judgment.

■ There was only one transfer of the debtor's property and that was the judicial sale of the mortgaged chattel. Under bankruptcy a secured creditor is entitled to a secured claim to the extent of the value of the secured collateral. Absent a showing that the State Court lacked jurisdiction over the debtor or that the debtor was not afforded due process of law, the Bankruptcy Court must recognize the appraised value placed on the chattel in a State Court proceeding prior to the petition of bankruptcy. Therefore, this creditor, Lowrey Chevrolet, received no more than he would have received in bankruptcy; i.e., payment of the secured claim in the judicial sale and an unsecured claim for the deficiency.

The deficiency judgment prior to the petition of bankruptcy included attorney fees and court cost, which arose out of contract. There was no transfer of the debtor's property for payment of the deficiency, the at-

torney fees, and the Court costs. The creditor is simply making an unsecured claim in bankruptcy for the deficiency, the attorney fees, and the Court costs.

 Therefore a judicial sale by executory process of the chattel securing the debts, along with a subsequent award in State Court of a deficiency judgment plus attorney fees and costs within 90 days of bankruptcy is not a voidable preference under 11 U.S.C. 547.